COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-07-00300-CV |
| § | |
| § | Appeal from |
| IN THE INTEREST OF § | 112th District Court |
| § | |
| J.B. AND E.B., MINOR CHILDREN § | of Pecos County, Texas |
| § | (TC # P-10511-112-CV) |
| § | |

**O P I N I O N**

Richard Bortner, Jr. appeals from a judgment terminating his parental rights. Finding no error, we affirm.

Bortner is represented on appeal by court-appointed counsel[1] who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741-44, 87 S.Ct. 1396, 1398-1400, 18 L.Ed.2d 493 (1967). Court-appointed counsel has concluded that, after thorough review of the record, Bortner's appeal is frivolous and without merit. In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*.

The Texas Supreme Court has not addressed whether *Anders* applies to an appeal from a

---

[1] The trial court appointed counsel to represent Bortner pursuant to Section 107.013 of the Family Code. TEX.FAM.CODE ANN. § 107.013 (Vernon Pamph. 2008). The court appointed a different attorney to represent Bortner on appeal.

termination of parental rights. However, several intermediate appellate courts have concluded that the procedures set forth in *Anders* are applicable when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal. *See Taylor v. Texas Dept. of Protective and Regulatory Services*, 160 S.W.3d 641, 646-47 (Tex.App.--Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex.App.--Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex.App.--Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Department of Protective & Regulatory Services*, 105 S.W.3d 52, 56 (Tex.App.--Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex.App.--Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex.App.--Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex.App.--Tyler 2001, no pet.); *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.). We agree with our sister courts and therefore hold that *Anders* is applicable to an appeal from a termination of parental rights where court-appointed counsel has determined that the appeal is frivolous.

Court-appointed counsel's brief meets the requirements of *Anders* by advancing contentions which might arguably support the appeal. *See Anders*, 386 U.S. 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App. 1974). Counsel has established that she provided Bortner with a copy of the *Anders* brief, notified him of his right to file a *pro se* brief, and explained how he could obtain a copy of the appellate record. Bortner has not filed a *pro se* brief. Having thoroughly reviewed the record and counsel's brief, we agree with counsel's assessment that the appeal is frivolous and without merit. A further discussion of the arguable grounds advanced in counsel's brief would add nothing to the jurisprudence of the state. The judgment is affirmed.

February 5, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating