

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00008-CV

_____

IN THE INTEREST OF P.M.H., A CHILD

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. CV01866

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Indigent parents who have suffered the life-changing event of having their parental rights terminated may obtain the appointment of counsel for appeal of that termination. TEX. FAM. CODE ANN. § 263.405(e) (Vernon 2008). Such is the case for the mother of P.M.H. We will call the mother Brittany, to protect the privacy of the child.

Brittany is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741–44 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, this appeal is frivolous and without merit. In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Id.* at 744.

Neither this Court nor the Texas Supreme Court has addressed whether *Anders* applies to an appeal from a termination of parental rights. However, many of our sister courts of appeals have concluded that the procedures set forth in *Anders* are applicable when an appointed attorney concludes that there are no nonfrivolous issues to assert on appeal of such a case. *See In re J.B.*, 296 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied); *Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex.

2

App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.); *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). We join our sister courts in holding that *Anders* procedures apply in termination of parental rights cases.

The *Anders* brief filed by Brittany's counsel presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal. Counsel has established that he provided Brittany with a copy of the *Anders* brief, notified her of her right to file a pro se response, and explained how she could obtain a copy of the appellate record. Brittany has not exercised her right to file a pro se response. Court-appointed counsel's brief meets the requirements of *Anders* by providing a professional evaluation of the record and advancing a contention of possible error which might arguably support the appeal. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Having thoroughly reviewed the record and counsel's brief, we agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. We affirm the trial court's final order terminating Brittany's parental rights to P.M.H. and grant counsel's motion to withdraw.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 29, 2010
Date Decided:       May 6, 2010

4