

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-15-00182-CV |
| | § | Appeal from |
| IN THE INTEREST OF | § | 112th District Court |
| A.F. AND I.F., CHILDREN. | § | of Pecos County, Texas |
| | § | (TC # P-11689) |

## **O P I N I O N**

E.J.J. is appealing a judgment terminating his parental rights to A.F. and I.F.[1] We affirm.

E.J.J. is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741-44, 87 S.Ct. 1396, 1398-1400, 18 L.Ed.2d 493 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, E.J.J.'s appeal is frivolous and without merit. In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*. We have held that the procedures set forth in *Anders* apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined that the appeal is frivolous. *See In*

---

[1] The underlying termination suit involved three children, N.J.F., A.F., and I.F., but E.J.J. is the father of only two of them.

*re J.B.*, 296 S.W.3d 618, 619 (Tex.App.--El Paso 2009, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex.App.--El Paso 2009, no pet.); *see also In re C.A.B.*, No. 08-08-00346-CV, 2009 WL 3152869, *1 (Tex.App.--El Paso Sept.30, 2009, no pet.)(mem. op.).

Court-appointed counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to E.J.J., and he has advised E.J.J. of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). E.J.J. subsequently notified the Court that he wished to review the record and file a *pro se* brief. We entered an order for E.J.J. to be provided with a copy of the appellate record, but that record was not provided and the appeal was delayed. We subsequently took steps to provide E.J.J. with the appellate record for his review, and he has filed a *pro se* brief.

We have thoroughly reviewed the record, counsel's brief, and E.J.J.'s *pro se* brief. We agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in the briefs filed by court-appointed counsel and E.J.J. would add nothing to the jurisprudence of the state. Accordingly, the final order terminating E.J.J.'s parental rights to A.F. and I.F. is affirmed.

December 15, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.