**In the INTEREST OF X.A.H.-B., a Child.**

**No. 08–15–00319–CV**

Court of Appeals of Texas,
El Paso.

February 24, 2016

Brenda Kinsler, Office of General Counsel, Austin, TX, for Appellee.

Celia Villasenor, El Paso, TX, for Appellant.

Victor Salas, El Paso, TX, for Real Party in Interest.

Richard Deck, El Paso, TX, for Ad Litem.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

A.B. is appealing a judgment terminating his parental rights to X.A.H.-B. The trial court found by clear and convincing evidence that A.B.: (1) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child, Tex. Fam. Code Ann. § 161.001(b)(1)(E)(West Supp.2015); (2) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Texas Department of Family and Protective Services or an authorized agency for not less than six months, Tex. Fam. Code Ann. § 161.001(b)(1)(N); and (3) A.B. failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who has been in the permanent or temporary managing conservatorship of the Department for not less than nine months as result of the child's removal from the parent, Tex. Fam. Code Ann. § 161.001(b)(1)(O)). The court also found that termination of A.B.'s parental rights

is in the child's best interest. Tex. Fam. Code Ann. § 161.001(2). We affirm.

A.B. is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741–44, 87 S.Ct. 1396, 1398–1400, 18 L.Ed.2d 493 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, A.B.'s appeal is frivolous and without merit. In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.* We have held that the procedures set forth in *Anders* apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined that the appeal is frivolous. *See In re J.B.*, 296 S.W.3d 618, 619 (Tex.App.–El Paso 2009, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex.App.–El Paso 2009, no pet.); *see also In re C.A.B.*, No. 08–08–00346–CV, 2009 WL 3152869, *1 (Tex.App.–El Paso Sept.30, 2009, no pet.)(mem.op.).

Counsel's brief meets the requirements of *Anders* by advancing contentions that might arguably support the appeal. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App.1972); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974). Counsel has notified the Court in writing that she has delivered a copy of counsel's brief and the motion to withdraw to A.B., and she has advised A.B. of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex.Crim.App.2014)(setting forth duties of counsel). A.B. did not file a motion for

access to the appellate record or otherwise notify the Court that he wished to review the record. Further, a *pro se* brief has not been filed.

Upon receiving an *Anders* brief, we are required to conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988). We have thoroughly reviewed the entire record, including the *Anders* brief, and we have found nothing that would arguably support an appeal. We agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in the brief filed by court-appointed counsel would add nothing to the jurisprudence of the state. The final order terminating A.B.'s parental rights to X.A.H.-B. is affirmed.