COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

§

IN THE INTEREST OF A.B., A CHILD.

§

§

§

No. 08-16-00048-CV

Appeal from

112th District Court

of Pecos County, Texas

(TC # 11,741)

## MEMORANDUM OPINION

Appellant, M.H.Q., is appealing a judgment terminating her parental rights to A.B. A jury found by clear and convincing evidence that M.H.Q.: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, TEX.FAM.CODE § 161.001(b)(1)(D); (2)(West Supp. 2015) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, TEX.FAM.CODE § 161.001(b)(1)(E); and (3) had her parent-child relationship terminated with respect to another child based on a finding that M.H.Q.'s conduct was in violation of § 161.00l(b)(l)(D) or (E) of the Texas Family Code, or substantially equivalent provisions of the law of another state, TEX.FAM.CODE § 161.001(b)(l)(M). Further, the trial court found that termination of M.H.Q.'s parental rights is in the child's best interest. TEX.FAM.CODE ANN. § 161.001(2). We affirm.

M.H.Q. is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741-44, 87 S.Ct. 1396, 1398-1400, 18 L.Ed.2d 493 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, M.H.Q.'s appeal is frivolous and without merit. In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*. We have held that the procedures set forth in *Anders* apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined that the appeal is frivolous. *See In re J.B.*, 296 S.W.3d 618, 619 (Tex.App.--El Paso 2009, no pet.); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex.App.--El Paso 2009, no pet.); *see also In re C.A.B.*, No. 08-08-00346-CV, 2009 WL 3152869, * 1 (Tex.App.--El Paso Sept. 30, 2009, no pet.)(mem. op.).

Counsel's brief meets the requirements of *Anders* by advancing contentions that might arguably support the appeal. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App. 1972); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to M.H.Q., and he has advised M.H.Q. of her right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). M.H.Q. did not file a motion for access to the appellate record or otherwise notify the Court that she wished to review the record. Further, a *pro se* brief has not been filed.

Upon receiving an *Anders* brief, we are required to conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988). We have thoroughly reviewed the entire record, including the *Anders* brief, and we have found nothing that would arguably support an appeal. We agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in the brief filed by court-appointed counsel would add nothing to the jurisprudence of the state. The final order terminating M.H.Q.'s parental rights to A.B. is affirmed.

August 24, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.