ANN CRAWFORD McCLURE, Chief Justice
Appellant, J.I.C. (Father), is appealing a judgment terminating his parental rights to D.C., J.C., Jr., and I.C. The trial court found by clear and convincing evidence that Father, after being served with citation in this suit, did not respond by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code before the final hearing in the case. See TEX.FAM.CODE ANN. § 161.002(b)(1) (authorizing summary termination of alleged biological father's parental rights if alleged father does not file an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity before the final hearing in the case). Further, the trial court found that termination of Father's parental rights is in the best interest of each of the children. TEX.FAM.CODE ANN. § 161.001(b)(2). We affirm.
Father is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of Anders v. California , 386 U.S. 738, 741-44, 87 S.Ct. 1396, 1398-1400, 18 L.Ed.2d 493 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, Father's appeal is frivolous and without merit. In Anders , the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. Anders , 386 U.S. at 744, 87 S.Ct. at 1400. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at *863 that conclusion. Id. The procedures set forth in Anders apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined that the appeal is frivolous. See In re P.M. , 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam)(recognizing that Anders procedures apply in parental termination cases); In re J.B. , 296 S.W.3d 618, 619 (Tex.App.--El Paso 2009, no pet.) ; In re K.R.C. , 346 S.W.3d 618, 619 (Tex.App.--El Paso 2009, no pet.).
Counsel's brief meets the requirements of Anders by containing a professional evaluation of the record and demonstrating that there are no arguable grounds for reversal of the termination order. See Gainous v. State , 436 S.W.2d 137 (Tex.Crim.App. 1969) ; Jackson v. State , 485 S.W.2d 553 (Tex.Crim.App. 1972) ; Currie v. State , 516 S.W.2d 684 (Tex.Crim.App. 1974). Counsel has informed the Court that Father has failed to maintain contact with him. Consequently, counsel has been unable to provide Father with a copy of the brief and motion to withdraw or advise Father regarding his right to file a pro se brief. A party who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the Anders brief and the right to file a pro se response. In re Schulman , 252 S.W.3d 403, 408 n. 21 (Tex.Crim.App. 2008). Because Father has not kept his counsel informed as to his current address or other contact information, we hold that Father has waived his right to notification and receipt of the Anders brief and counsel's motion to withdraw as well as the right to submit a pro se response.
Upon receiving an Anders brief, we are required to conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. Penson v. Ohio , 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988). We have thoroughly reviewed the entire record, including the Anders brief, and we have found nothing that would arguably support an appeal. We agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in the brief filed by court-appointed counsel would add nothing to the jurisprudence of the state. The final order terminating Father's parental rights to D.C., J.C., Jr., and I.C. is affirmed. The final matter we must resolve is counsel's motion to withdraw.
Motion to Withdraw
An attorney, whether appointed or retained, is under an ethical obligation to refuse to prosecute a frivolous appeal. Pena v. State , 932 S.W.2d 31, 32-33 (Tex.App.--El Paso 1995, no pet.), citing McCoy v. Court of Appeals of Wisconsin, District 1 , 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988) ; TEX.DISCIPLINARY R.PROF'L CONDUCT 3.01, reprinted in TEX.GOV'T CODE ANN. tit. 2, subtit. G app. (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous); TEX.DISCIPLINARY R.PROF'L CONDUCT 1.15(a)(1) reprinted in TEX.GOV'T CODE ANN. tit. 2, subtit. G app. (a lawyer shall decline to represent or withdraw from the representation of a client if the representation will result in violation of applicable rules of professional conduct). If an attorney believes in good faith that there are no arguments he can make on his client's behalf, he is required to so advise the appellate court and seek leave to withdraw as counsel in compliance with Rule 6.5. Pena , 932 S.W.2d at 32-33, citing McCoy , 486 U.S. at 436, 108 S.Ct. at 1901 ; see TEX.R.APP.P. 6.5. In Anders , the United *864 States Supreme Court implemented a requirement that appointed counsel file a brief in support of the motion to withdraw to demonstrate that counsel had thoroughly reviewed the record. See Anders , 386 U.S. at 744, 87 S.Ct. at 1400.
Upon determining that counsel has fully complied with the requirements of Anders and Kelly and finding that the appeal is frivolous following an independent review of the record, intermediate appellate courts typically grant motions to withdraw in criminal cases. Granting the motion to withdraw relieves counsel of any obligation to continue with a frivolous appeal.[1] The Texas Supreme Court has determined, however, that we must deny counsel's motion to withdraw in this parental rights termination case because a parent's statutory right to counsel[2] in suits seeking termination of parental rights extends to all proceedings in the Texas Supreme Court, including the filing of a petition for review, and counsel's "belief" that the appeal is frivolous does not constitute "good cause" for withdrawal. In re P.M. , 520 S.W.3d 24, 27 (Tex. 2016) (per curiam); see TEX.FAM.CODE ANN. § 107.016(3) (in a suit by a governmental entity seeking the termination of parental rights, an attorney appointed to serve as an attorney ad litem for a parent or alleged father continues to serve in that capacity until the suit is dismissed, the date all appeals from the termination order are exhausted, or the date the attorney is relieved of his duties or replaced by another attorney after a finding of good cause is rendered by the court.). Accordingly, we deny counsel's motion to withdraw. See In re P.M. , 520 S.W.3d at 27. In the event Father advises appointed counsel that he wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an Anders brief." Id. , 520 S.W.3d at 27-28.

In criminal cases, an appellate attorney is required to give the client notice regarding the right to file a petition for discretionary review, but counsel is not required to file a petition for discretionary review on the client's behalf. Ex parte Riley , 193 S.W.3d 900, 901-02 (Tex.Crim.App. 2006) ; Ex Parte Ayala , 633 S.W.2d 526, 528 (Tex.Crim.App. 1982). While the appellant has the right to file a petition for discretionary review, he does not have a right to appointed counsel to assist him in filing the petition for discretionary review. Ex parte Riley , 193 S.W.3d at 902 ; Ex parte Wilson , 956 S.W.2d 25, 27 (Tex.Crim.App. 1997). If the petition for discretionary review is granted by the Court of Criminal Appeals, an indigent appellant has the right to be represented by appointed counsel. See Tex.Code Crim.Proc.Ann. art. 1.051(d)(2).

See Tex.Fam.Code Ann. §§ 107.013(a)(1), 107.016(3)(B).