

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00350-CV

**IN THE INTEREST OF L.R.C.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01226
Honorable Richard Garcia, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: October 21, 2020

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant M.M. appeals the trial court's order terminating her parental rights to her child, L.R.C.[1] For the reasons given below, we affirm the trial court's order.

In June of 2019, the Texas Department of Family and Protective Services ("the Department") removed L.R.C. and filed a petition to terminate M.M.'s parental rights due to M.M.'s drug use and domestic violence between M.M. and L.R.C.'s father, G.C.[2] The Department prepared a service plan, which was incorporated into a court order. M.M. signed the service plan after the Department reviewed it with her.

---

[1] To protect the privacy of the minor child, we refer to the child and the parents by their initials. Tex. R. App. P. 9.8(b)(2).
[2] G.C. is not a party to this appeal.

M.M. personally appeared at one permanency hearing in this case, but she did not appear at trial and was represented by her court-appointed counsel. At trial, the Department's caseworker testified M.M. completed some, but not all, of the requirements specified in her service plan and "missed a lot of [the] drug tests" that were a condition of her visits with L.R.C. According to the Department caseworker, M.M. "ha[d] a long history of drug use [and] lost four children to CPS because of her drug use in a previous case." She also testified M.M. tested positive for methamphetamines and marijuana throughout this case—including as recently as a month before trial—and that she does not believe M.M. can provide a safe and stable home for L.R.C. Finally, she testified M.M. "had trouble with the bond" with L.R.C., but that L.R.C. is "thriving" in her current placement and is bonded to her caregivers, who plan to adopt her.

After hearing the evidence, the trial court found termination of M.M.'s parental rights was warranted under section 161.001(b)(1)(N), (O), and (P) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P). It also found termination was in L.R.C.'s best interest. On June 25, 2020, the trial court signed an order terminating M.M.'s parental rights. M.M. timely filed a notice of appeal.

### *ANDERS* BRIEF

M.M.'s court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The brief, which concludes there are no arguable grounds for appeal, satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27, n.10 (Tex. 2016) (applying *Anders* procedures to parental termination appeals). Counsel also represented that she provided M.M. with a copy of the *Anders* brief, the motion to withdraw, and a form to request a free copy of the appellate record. She further advised M.M. of her right to review the record and a pro se brief. On August 21, 2020, we ordered M.M. to file her

pro se brief, if any, by September 10, 2020. M.M. did not request a copy of the record or file a pro se brief.

After reviewing the entire record, counsel's *Anders* brief, and the applicable law, we conclude there are no arguable grounds to reverse the termination order. We therefore affirm the trial court's order of termination. *See In re K.E.P.*, No. 04-18-00469-CV, 2018 WL 6069850, at *1 (Tex. App.—San Antonio Nov. 21, 2018, no pet.) (mem. op.).

## MOTION TO WITHDRAW

In her motion to withdraw, M.M.'s court-appointed appellate counsel asserts the appeal is frivolous and without merit. She also contends she has been unable to communicate with M.M. consistent with an effective attorney-client relationship. After reviewing the motion, we conclude counsel's duty to M.M. is not yet complete, and we deny the motion to withdraw. *See In re P.M.*, 520 S.W.3d at 26–28; *see also* TEX. FAM. CODE ANN. § 107.016(3); *In re D.C.*, 573 S.W.3d 860, 863–64 (Tex. App.—El Paso 2019, no pet.). If M.M. wishes to pursue an appeal to the Supreme Court of Texas, counsel's obligations can be satisfied by filing a petition for review that meets the requirements for an *Anders* brief. *See In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

Beth Watkins, Justice