COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-21-00096-CV |
| | § | Appeal from the |
| X.E.V., | § | 65th District Court |
| | § | of El Paso County, Texas |
| A CHILD. | § | (TC# 2019DCM2502) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Mother X.Y.[1] appeals a trial court judgment terminating her parental rights to X.E.V. (Child). We affirm the judgment of the trial court.

## BACKGROUND

This is not the Court's first opinion issued in the course of these termination proceedings. Mother appealed a previous termination judgment to this Court once before. *See Interest of X.E.V.*, No. 08-20-00160-CV, 2020 WL 6867068, at *1-*2 (Tex.App.—El Paso Nov. 23, 2020, no pet.)(mem. op.).[2] In that appeal, the Texas Department of Family and Protective Services conceded

---

[1] We refer to the parties by pseudonyms. *See* TEX.R.APP.P. 9.8(b)(2).

[2] We take judicial notice of the case file in the previous appeal. *See In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex.App.—El Paso 2014, pet. denied).

both that Child was presumptively an Indian child for purposes of the Indian Child Welfare Act (ICWA) and that the Department had failed to notify tribal authorities as required by ICWA. *Id*. On the basis of that conceded error, we reversed the termination judgment and remanded for further proceedings on November 23, 2020. *Id*.

On remand, proper notice was given to Cherokee and Ketchikan tribal authorities as required by ICWA. Neither set of tribal authorities opted to intervene in these proceedings. The trial court subsequently entered a second termination judgment based on additional testimony and judicial notice of materials from the case file from the original termination judgment. Mother filed this current appeal on May 24, 2021.

## DISCUSSION

Mother is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741-44 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, Mother's appeal is frivolous and without merit.

In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*. The procedures set forth in *Anders* apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined that the appeal is frivolous. *See In Interest of P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016)(per curiam)(recognizing that *Anders* procedures apply in parental termination cases); *In re J.B.*, 296 S.W.3d 618, 619 (Tex.App.—El Paso 2009, no pet.).

Once an appellant's court-appointed counsel files an *Anders* brief, the appellant may elect

2

to file a subsequent *pro se* brief identifying colorable issues on appeal. The reviewing court has two choices when faced with both an *Anders* brief and a *pro se* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). An appellate court may determine either: (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error, or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Id*. The merits of the issues are not addressed in *Anders* briefs or *pro se* responses. *Id*.

In this case, Mother filed a motion for access to the record on September 2, 2021, and for an extension of time to file her *pro se* response within 30 days. Mother sent her motion from the El Paso County Jail Annex. On September 8, 2021, the Court granted Mother's motion, sent a hard copy of the record to Mother at the El Paso County Jail Annex, and ordered the Warden or custodian of records at the facility to make the record available to Mother for purposes of preparing her brief. The Court also provided Mother with 30 days in which to file a *pro se* response, making her response due as of October 8, 2021. As of the date of this opinion, more than two weeks have passed since Mother's *pro se* response was due to this Court. No response has been received.

While we are sensitive to the challenges *pro se* litigants face in obtaining the record and timely filing responses while incarcerated, this Court is also under an obligation to, "so far as reasonably possible," ensure that an appeal of a suit for termination of the parent-child relationship filed by a government entity for managing conservatorship is brought to final disposition within 180 days of the date of the notice of appeal is filed. *See* TEX.R.JUD.ADMIN. 6.2(a), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. F app. Because the Court is fast approaching the 180-day deadline for resolving this appeal, and because the Court has not received either a *pro se* response or a motion for extension of time within 10 days of the filing deadline, *see* TEX.R.APP.P.

3

9.2(b)(setting timelines for filings made by mail), or proof that such materials were timely delivered to prison officials for mailing, *see Campbell v. State*, 320 S.W.3d 338, 343-44 (Tex.Crim.App. 2010), we will proceed with our *Anders* review based on the *Anders* brief filed by counsel alone.

Counsel's brief meets the requirements of *Anders* by containing a professional evaluation of the record and demonstrating that there are no arguable grounds for reversal of the termination order. Upon receiving an *Anders* brief, we are required to conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have thoroughly reviewed the entire record, including the *Anders* brief, and we have found nothing that would arguably support an appeal. We agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in the brief filed by court-appointed counsel would add nothing to the jurisprudence of the state. The final order terminating Mother's parental rights is affirmed.

In the prayer section of the *Anders* brief, counsel for Mother asks this Court to relieve her of this appointment and allow her to withdraw. Based on Texas Supreme Court precedent, we cannot do so at this time. Upon determining that counsel has fully complied with the requirements of *Anders* and finding that the appeal is frivolous following an independent review of the record, intermediate appellate courts typically grant motions to withdraw in criminal cases. Granting the motion to withdraw relieves counsel of any obligation to continue with a frivolous appeal. *Interest of D.C.*, 573 S.W.3d 860, 864 (Tex.App.—El Paso 2019, no pet.). The Texas Supreme Court has determined, however, that we must deny counsel's motion to withdraw in this parental rights termination case because a parent's statutory right to counsel in suits seeking termination of

parental rights extends to all proceedings in the Texas Supreme Court, including the filing of a petition for review, and counsel's "belief" that the appeal is frivolous does not constitute "good cause" for withdrawal. *In Interest of P.M.,* 520 S.W.3d at 27; *see* TEX.FAM.CODE ANN. § 107.016(2)(in a suit by a governmental entity seeking the termination of parental rights, an attorney appointed to serve as an attorney ad litem for a parent or alleged father continues to serve in that capacity until the suit is dismissed, the date all appeals from the termination order are exhausted, or the date the attorney is relieved of his duties or replaced by another attorney after a finding of good cause is rendered by the court).

Accordingly, we must deny counsel's motion to withdraw. *See In Interest of P.M.,* 520 S.W.3d at 27. In the event Mother advises appointed counsel that she wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28. Counsel's motion to withdraw is denied.


October 27, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.)(Sitting by Assignment)