COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-21-00165-CV |
| | § | Appeal from the |
| S.D.R., | § | 65th District Court |
| A CHILD. | § | of El Paso County, Texas |
| | § | (TC# 2019DCM7240) |

## MEMORANDUM OPINION

Mother D.M.[1] appeals a trial court judgment terminating her parental rights to S.D.R. We affirm the judgment of the trial court.

Mother is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741-44 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, Mother's appeal is frivolous and without merit.

In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*. The procedures set forth in

---

[1] We refer to the parties by pseudonyms. *See* TEX.R.APP.P. 9.8(b)(2).

*Anders* apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016)(per curiam)(recognizing that *Anders* procedures apply in parental termination cases); *In re J.B.*, 296 S.W.3d 618, 619 (Tex.App.—El Paso 2009, no pet.).

Counsel's brief meets the requirements of *Anders* by containing a professional evaluation of the record and demonstrating that there are no arguable grounds for reversal of the termination order. Upon receiving an *Anders* brief, we are required to conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have thoroughly reviewed the entire record, including the *Anders* brief, and we have found nothing that would arguably support an appeal. We agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in the brief filed by court-appointed counsel would add nothing to the jurisprudence of the state. The final order terminating Mother's parental rights is affirmed.

In the prayer section of the *Anders* brief, counsel for Mother asks this Court to relieve her of this appointment and allow her to withdraw. Based on Texas Supreme Court precedent, we cannot do so at this time. A parent's statutory right to counsel in suits seeking termination of parental rights extends to all proceedings in the Texas Supreme Court, including the filing of a petition for review, and counsel's belief that the appeal is frivolous does not constitute "good cause" for withdrawal. *In re P.M.,* 520 S.W.3d at 27; *see* TEX.FAM.CODE ANN. § 107.016(3) (in a suit by a governmental entity seeking the termination of parental rights, an attorney appointed to serve as an attorney ad litem for a parent or alleged father continues to serve in that capacity until the suit is dismissed, the date all appeals from the termination order are exhausted, or the date the

attorney is relieved of his duties or replaced by another attorney after a finding of good cause is rendered by the court).

Accordingly, we must deny counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27. In the event Mother advises appointed counsel that she wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28. Counsel's motion to withdraw is denied.

YVONNE T. RODRIGUEZ, Chief Justice

February 4, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.