

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | No. 08-22-00173-CV |
|---|---|---|
| IN THE INTEREST OF: J.M., A Child | § | Appeal from the |
| Appellant. | § | 65th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2021DCM4599) |

## MEMORANDUM OPINION

Mother, Y.P.[1], appeals the trial court judgment of September 2, 2022, terminating her parental rights to her child J.M. We affirm the judgment of the trial court.

Mother is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California,* 386 U.S. 738, 741-44 (1967). Court-appointed counsel has concluded that, after a thorough review of the record, Mother's appeal is frivolous and without merit. Appellant's counsel has certified to this Court that she has provided Mother with a copy of the *Anders* brief and motion to withdraw and advised her of her rights to examine the appellate record and to file a pro se brief. On November 16, 2022, Mother requested

---

[1] We refer to the parties by aliases. *See* Tex.R.App.P. 9.8(b)(2).

a copy of the clerk's and reporter's record to file a pro se brief. The records were sent on November 17, 2022, and her brief was due December 7, 2022. To date, Mother has not filed a pro se brief.

In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.* The procedures set forth in *Anders* apply to an appeal from a case involving the termination of parental rights when cour-appointed counsel has determined that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016)(per curiam)(recognizing that *Anders* procedures apply in parental termination cases); *In re J.B.*, 296 S.W.3d 618, 619 (Tex.App.—El Paso 2009, no pet.).

Counsel's brief meets the requirements of *Anders* by containing a professional evaluation of the record and demonstrating that there are no arguable grounds for reversal of the termination order. Upon receiving an *Anders* brief, we are required to conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have thoroughly reviewed the entire record, including the *Anders* brief, and found nothing that would arguably support an appeal. We have specifically reviewed the trial court's findings as to Mother under subsections (D) and (E), and found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). We agree with counsel's professional assessment that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Mother's parental rights.

The Texas Supreme Court has determined that the right to counsel in suits seeking the termination of parental rights extends to all proceedings in the Texas Supreme Court, including the filing of a petition for review. *In re P.M.*, 520 S.W.3d at 27; *see* Tex.Fam.Code Ann.

§ 107.016(2). Accordingly, counsel's obligations to Mother have not yet been discharged. *See In re P.M.*, 520 S.W.3d at 27. In the event Mother advises appointed counsel that she wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28. Mother's counsel's motion to withdraw is, therefore, denied.

The judgment of the trial court is affirmed in all respects.

YVONNE T. RODRIGUEZ, Chief Justice

December 14, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.