COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN THE INTEREST OF A.G.G., A CHILD. | § | No. 08-22-00231-CV |
| | § | Appeal from the |
| | § | 65th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2021DCM3172) |
| | § | |

## MEMORANDUM OPINION

Appellant, C.G. (Mother), appeals the trial court's final order terminating her parental rights to her children.[1] *See* TEX. FAM. CODE ANN. § 161.001. After a bench trial, the trial court found by clear and convincing evidence that statutory grounds for terminating her parental rights existed and that termination of those rights was in the child's best interest. *See id.* § 161.001(b)(1)(E), (O) and (P).

After a thorough review of the record, in an *Anders* brief, C.G.'s counsel has concluded that C.G.'s appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel certified to this Court that she has provided C.G. with a copy of the *Anders* brief

---

[1] For the child's privacy, we will refer to her by an alias and to her family members by their relationships to her or by aliases. *See* TEX. R. APP. P. 9.8. The parental rights of the child's father were terminated, but he did not appeal

filed on her behalf along with a copy of counsel's motion to withdraw. Counsel also advised C.G. of her right to examine the appellate record and file a pro se brief. To date, C.G. has not filed a pro se brief.

In *Anders*, the U.S. Supreme Court recognized that counsel, who had been appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Thus, counsel was permitted to withdraw after informing the court of his conclusion and the efforts made in arriving at that conclusion. *Id.* As relevant to this cause, the Supreme Court of Texas has determined the procedures set forth in *Anders* apply to an appeal from a case involving the termination of parental rights when court-appointed counsel has determined an appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam); *In re J.B.*, 296 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

Counsel's brief meets the requirements of *Anders* by containing a professional evaluation of the record and further demonstrating that there are no arguable grounds for reversal of the termination order. Upon receiving an *Anders* brief, we are required to conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have thoroughly reviewed the entire record, including the *Anders* brief, and found nothing that would arguably support an appeal. We have specifically reviewed the trial court's findings as to C.G. under Texas Family Code § 161.001(b)(1), subsections (E), (O) and (P), and we found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam); *see also* TEX. FAM. CODE ANN. § 161.001(b)(1). We agree with counsel's professional assessment that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Appellant Mother's

parental rights.

## Counsel's Motion to Withdraw

C.G.'s counsel has filed a motion to withdraw, citing as grounds for withdrawal her filing of an *Anders* brief. However, when an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in this [Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d at 27(*citing* TEX. FAM. CODE ANN. § 107.013(a)(1)). Accordingly, counsel's obligations to C.G. have not yet been discharged. *See id.* In the event C.G. advises appointed counsel that she wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28. Accordingly, C.G.'s counsel's motion to withdraw is denied.

YVONNE T. RODRIGUEZ, Chief Justice

January 25, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.