

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF: | § | No. 08-24-00324-CV |
| A.Y.V., | § | Appeal from the |
| A CHILD.[1] | § | 65th Judicial District Court |
| | § | Of El Paso County, Texas |
| | § | (TC#2023DCM3811) |

## <u>MEMORANDUM OPINION</u>

This is an appeal from the trial court's judgment terminating the parental rights of Appellant, Y.P.J., mother of A.Y.V., in a suit brought by the Department of Family and Protective Services. After holding a bench trial, the trial court found that termination was in the best interest of the Child and the Department had proven grounds for termination under subsections (D) (endangering conditions or surroundings); (E) (endangering conduct); and (O) (failure to comply with a court order), of § 161.001(b)(1) of the Texas Family Code. *See* Tex. Fam. Code Ann. §161.001(b)(1)(D), (E), (O), (2). The trial court further ordered the appointment of the Department

---

[1] We use the parties' initials to protect their privacy. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b).

as permanent managing conservator of the Child. Mother filed a notice of appeal and the trial court appointed counsel to prosecute the appeal on her behalf.[2]

Mother's court-appointed appellate counsel has moved to withdraw in accordance with *Anders* procedures, arguing that after a conscientious examination of the case and review of the record, any appeal would lack merit as there are no arguable grounds for reversal. *Anders v. California*, 386 U.S. 738, 744 (1967). In *Anders*, the Supreme Court established that court-appointed counsel had no duty to pursue a frivolous matter on appeal. *Id*. The *Anders* procedures set forth by the Court apply to an appeal involving the termination of parental rights when court-appointed counsel has determined the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases); *In re J.B.*, 296 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.) (same).

Counsel has certified that she provided a copy of the brief to Mother, informed Mother of her right to file a *pro se* response, advised Mother of her right to review the appellate record, explained the process to Mother for obtaining the appellate record, and informed Mother of her right to seek discretionary review *pro se* should this Court find this appeal frivolous. Counsel's *Anders* brief also includes citations to the record, legal authority, a professional evaluation of the record and substantive law, and analysis of why no arguable grounds for reversal exist. *Id*. at 744–45; *see also In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

---

[2] The trial court also terminated the parent-child relationship between the father, F.V.M, and Child. Father is not a party to this appeal.

authorities."). We conclude the brief satisfies the requirements of *Anders*. *See Anders*, 386 U.S. at 744–75.

As a reviewing court, we must conduct our own independent review of the entire record to determine whether arguable grounds exist for reversal of the parental termination order. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Int. of C.A.S.*, No. 08-22-00027-CV, 2022 WL 1793919, at *1 (Tex. App.—El Paso June 2, 2022, no pet.) (mem. op.). If we conclude that arguable grounds for reversal exist, we abate the appeal and remand to the trial court to permit appointed counsel to withdraw and appoint new counsel. *In Int. of J.A.J.H.*, No. 01-17-00613-CV, 2018 WL 502760, at *1 (Tex. App.—Houston [1st Dist.] Jan. 23, 2018, no pet.) (mem. op.). However, if we determine that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that after an independent review of the record, we find no reversable error. *Id*.

Here, we have conducted a thorough, independent review of the entire record, including the *Anders* brief, and have specifically reviewed the trial court's findings under subsections (D) and (E), and its best interest finding as well, and found no arguable grounds for reversal with respect to those findings.[3] Accordingly, we affirm the trial court's order terminating Mother's parental rights.

We deny counsel's motion to withdraw. In parental termination cases, the longstanding right to court-appointed counsel extends through exhaustion or waiver of "all appeals." *Id*.; Tex. Fam. Code Ann. § 107.016(2)(B); *In Int. of P.M.*, 520 S.W.3d 24, 26 (Tex. 2016) ("[W]e hold

---

[3] Because subsections (D) and (E), and the best interest finding, support the termination order, we do not reach the trial court's finding as to subsection (O). *Interest of N.G.*, 577 S.W.3d 230, 232 (Tex. 2019) (per curiam) ("To affirm a termination judgment on appeal, a court need uphold only one termination ground—in addition to upholding a challenged best interest finding—even if the trial court based the termination on more than one ground.); *Int. of J.B.*, No. 02-22-00384-CV, 2023 WL 1859766, at *7 (Tex. App.—Fort Worth Feb. 9, 2023, pet. denied) (mem. op.) (same); *see also* Tex. R. App. P. 47.1 (requiring courts of appeals to hand down written opinion that are as brief as practicable but still address every issue raised and necessary to final disposition of the appeal).

that the right to counsel under Section 107.013(a)(1) through the exhaustion of appeals under Section 107.016(2)(B) includes all proceedings in this Court, including the filing of a petition for review.").

## CONCLUSION

For these reasons, we affirm the trial court's judgment and deny counsel's motion to withdraw.

GINA M. PALAFOX, Justice

December 18, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

4