

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00328-CV

---

In the Interest of J. K. C., a Child

---

On Appeal from the 143rd District Court
Ward County, Texas
Trial Court No. 24-11-26698-CVW

---

## MEMORANDUM OPINION

Appellant, S.C. (Father), appeals from the trial court's judgment terminating his parental rights to his child, J.K.C. After holding a bench trial, the trial court found that termination was in the best interest of the child and that the Department of Family and Protective Services had proven grounds for termination under subsections (D) (endangering conditions or surroundings); (E) (endangering conduct); and (N) (constructive abandonment of the child), of § 161.001(b)(1) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (1)(E), (1)(N), (2). The trial court further ordered the appointment of the Department as permanent managing conservator of

the child. Father filed a notice of appeal and the trial court appointed counsel to prosecute the appeal on his behalf.[1]

Father's court-appointed appellate counsel has filed a brief asserting there are no non-frivolous issues to assert on appeal, in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases); *In re J.B.*, 296 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.) (same). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why no arguable grounds may be advanced on appeal. *See Anders*, 386 U.S. at 744–45. Father's counsel also provided a copy of the brief to Father, informed Father of his right to file a *pro se* response, provided Father with a copy of the appellate record, and informed Father of his right to seek discretionary review *pro se* should this Court find this appeal frivolous. Father has not filed a *pro se* response, and the Department has not filed a brief.

As a reviewing court, we must conduct our own independent review of the entire record to determine whether arguable grounds exist for reversal of the parental termination order. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re C.A.S.*, No. 08-22-00027-CV, 2022 WL 1793919, at *1 (Tex. App.—El Paso June 2, 2022, no pet.) (mem. op.). After our own thorough and independent review of the entire record, including specifically reviewing the trial court's findings under subsections (D) and (E) and its best interest finding as well, we have found no arguable grounds for reversal. Accordingly, we affirm the trial court's order terminating Father's parental rights.

Father's counsel also filed a motion to withdraw. Because the longstanding right to court-appointed counsel in parental termination cases extends through exhaustion or waiver of "all

---

[1] The trial court also terminated the parent-child relationship between the mother and J.K.C. Mother is not a party to this appeal.

appeals," we deny the motion. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *P.M.*, 520 S.W.3d at 27 ("[W]e hold that the right to counsel under Section 107.013(a)(1) through the exhaustion of appeals under Section 107.016(2)(B) includes all proceedings in this Court, including the filing of a petition for review.").

For these reasons, we affirm the trial court's judgment and deny counsel's motion to withdraw.


GINA M. PALAFOX, Justice

April 10, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.